JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant James Kenney pleaded guilty to sexual imposition, a misdemeanor of the third degree. The victim was a male friend of one of his daughters. The night the offense was committed, Kenney had spent part of the evening drinking at a bar with his daughters and two of their friends, one of whom was the victim. The group returned to Kenney's house and continued drinking. The victim and Kenney's daughter each lay on a separate couch in the family room, and Kenney lay on the floor between them. The victim fell asleep and awoke to find his pants unbuckled and Kenney touching his genitalia. As a result of the plea, Kenney was sentenced to 60 days in jail, 50 of which were suspended. Kenney was also placed on community control for two years and given a $100 fine. The court found Kenney to be a sexually-oriented offender and imposed registration requirements on him.
Kenney has asserted the following assignments of error: his sentence of jail time was cruel and unusual punishment; the sexual-offender registration requirements violate due process; the trial court erred in overruling his motion to hold the sexual-offender classification and reporting requirements unconstitutional; and the offense he committed was a registration-exempt sexually-oriented offense. Only Kenney's last assignment of error has merit.
Kenney's sentence was not cruel and unusual punishment. A third-degree misdemeanor carries a sentencing range of 0 to 60 days.[1] Kenney's sentence fell within this range. Although the trial court did not state on the record that it had considered the statutory criteria for misdemeanor sentencing, "absent a showing to the contrary by the defendant, the trial court is presumed to have considered the required factors when the sentence imposed for a misdemeanor is within the statutory limits."[2] Kenney has not made a showing to the contrary, and we presume that the trial court considered the required criteria.
Kenney argues that the trial court should have considered his voluntary intoxication as a mitigating factor. Voluntary intoxication may be a mitigating factor, but it has been recognized as a weak factor.[3]
Furthermore, "the weight, if any, given to a mitigating factor is a matter for the discretion of the individual decision maker."[4] The trial court did not need to state how much weight it gave to Kenney's voluntary intoxication, and no error resulted from the failure to discuss it on record.
Requiring a sexually-oriented offender to register does not violate due process.[5] There is a rational relationship between requiring those convicted of a sexually-oriented offense to register and protecting the safety and general welfare of citizens of Ohio.[6]
The trial court also did not err in overruling Kenney's motion to hold the sexual-offender classification and reporting requirements unconstitutional under the Ohio Supreme Court's decision in State v.Williams.[7]
Kenney's assignment of error regarding the imposition of sexual registration requirements has merit. Certain sexual offenses listed in R.C. 2950.01(P)(1) are presumptively registration-exempt sexually-oriented offenses. One of these offenses is any sexually-oriented offense committed by a person 18 or older who has never been convicted of any prior sexually-oriented offense, on a victim 18 years or older, when the offense is one listed in R.C. 2950.01(D)(1)(e). Both Kenney and his victim were over 18 years of age, Kenney had never been convicted of a prior sexually-oriented offense, and he was convicted of violating R.C. 2907.06, which is an offense listed in R.C.2950.01(D)(1)(e).
A presumptively registration-exempt offense becomes registration-exempt unless the court issues an order under R.C. 2950.021 removing the presumptive exemption and subjecting the offender to registration. No such order requiring registration was issued in this case. Furthermore, Kenney did not stipulate to registration. The only stipulation between the parties was the Kenney was a sexually-oriented offender. We agree with Kenney's argument that to the extent that it may be held that the stipulation would remove the exemption, which it does not, then the parties and the trial court were laboring under a mutual mistake of fact. For these reasons, we vacate the registration requirements imposed on Kenney.
Therefore, the judgment of the trial court is affirmed regarding Kenney's 10-day sentence and regarding the declaration that sexual-offender classification and reporting requirements are constitutional. That part of the judgment imposing registration requirements on Kenney is vacated.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2929.24(A)(3).
[2] State v. James (Apr. 29, 2005), 1st Dist. No. C-040215, at ¶ 15.
[3] State v. Campbell, 95 Ohio St.3d 48, 51, 2002-Ohio-1620,765 N.E.2d 1294.
[4] State v. Thomas, 97 Ohio St.3d 309, 2002-Ohio-6624, 779 N.E.2d 1017, at ¶ 81.
[5] State v. Cooper (Dec. 3, 2004), 1st Dist. No. C-030921.
[6] State v. Pace (May 21, 1999), 1st Dist. No. C-980659.
[7] 88 Ohio St.3d 513, 2000-Ohio-428, 728 N.E.2d 342.